**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2473
_____

LORI MOECK, In her capacity as
parent and natural guarding of C.M.
and A.M.; C.M. a minor; A.M., a minor

v.

PLEASANT VALLEY SCHOOL DISTRICT;
DOUGLAS C. ARNOLD, Superintendent of Schools,
Pleasant Valley School District; ANTHONY A. FADULE,
Assistant Superintendent of Schools, Pleasant Valley School
District; JOHN J. GRESS, Principal, Pleasant Valley School
District: MARK GETZ, Wrestling Coach, Pleasant Valley
School District

Pleasant Valley School District,
                                        Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT
COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 3:13-cv-01305)
District Judge: Hon. James L. Munley

_____

Submitted under Third Circuit L.A.R. 34.1(a)
December 20, 2016
_____

Before: SMITH, <u>Chief Judge</u>, McKEE and SHWARTZ,
<u>Circuit Judges</u>.

(Filed: December 23, 2016)


Michael I. Levin, Esq.
Paul J. Cianci, Esq.
Levin Legal Group, P.C.
1301 Masons Mill Business Park
1800 Byberry Road
Huntingdon Valley, PA 19006

        Counsel for Appellant

Michael C. Schwartz, Esq.
Jonathan J. James, Esq.
James, Schwartz & Associates, P.C.
1500 Walnut Street
21st Floor
Philadelphia, PA 19102

        Counsel for Appellees


_____

OPINION OF THE COURT

————————————

SHWARTZ, <u>Circuit Judge</u>.

Pleasant Valley School District (the "School District") appeals the District Court's order denying its motions for sanctions pursuant to Fed. R. Civ. P. 11 against Plaintiffs and their counsel. Because the District Court appropriately exercised its wide discretion in concluding the motions lacked merit, and were counterproductive as they relied upon factual discrepancies that did not show the claims were patently frivolous, we will affirm.

I

This case arises out of incidents between two members of the Pleasant Valley High School (the "High School") wrestling team, C.M. and his sister A.M., and the team's coach, Mark Getz. Getz allegedly assaulted C.M. and discriminated against A.M. based on her gender. Plaintiffs alleged that during a team practice, C.M. was forced to wrestle a larger student, who threw him through the gymnasium doors into the hallway and punched him, and after Getz prodded C.M. to keep wrestling, a verbal and physical altercation ensued between Getz and C.M. in which Getz lifted C.M. up and "smash[ed] his head and back into the wall." App. 31, 54. Plaintiffs also asserted, among other things, that A.M. suffered gender discrimination through a culture of misogyny and intimidation, which allegedly included numerous sexually charged comments by Getz and the assistant coaches.

C.M., A.M., and their mother Lori Moeck (collectively, "Plaintiffs") brought various federal and state law claims against the School District, its Superintendent, its Assistant Superintendent, the High School's Principal (the "School Defendants"), and Getz (collectively, "Defendants"), seeking compensatory and punitive damages, injunctive relief, and attorneys' fees and costs. Following discovery, the School Defendants and Getz filed separate motions for summary judgment. Each motion was supported by a brief and statement of undisputed material facts ("Rule 56.1 statement").

Defendants thereafter filed two motions for sanctions. In one motion, the School Defendants asserted that discovery showed that Plaintiffs made numerous false statements in the complaint and amended complaint, and their claims lacked merit. In the second motion, Defendants asserted that Plaintiffs' Rule 56.1 statement contained false statements. Many of the examples Defendants cited in both motions focused on small details that have little bearing on the essence of Plaintiffs' claims—that Getz allegedly acted in an aggressive and discriminatory manner. For instance, Plaintiffs alleged that Getz "grabb[ed] [C.M.] by the neck and chok[ed]" him, App. 39, 62, while C.M.'s testimony disclosed that Getz grabbed him by the shirt, under his neck. Similarly, Defendants complained that Plaintiffs alleged that Getz "lifted [C.M.] onto his toes, and ran with him . . . causing him to smash his head and back into the wall," App. 31, 54, while testimony showed that Getz "speed walk[ed]," App. 113, and "put [C.M.] up on the wall," App. 182, and that C.M.'s head "wasn't extremely pounded," App. 200; see also App. 1103 (comparing the representation in the brief that C.M.'s "toes were off the ground" when Getz lifted him up with C.M.'s testimony that he "was on [his] tippy-toes up

4

against the wall," App. 198).[1]  Plaintiffs filed motions to stay Defendants' Rule 11 motions until the District Court ruled on the pending summary judgment motions.

Before ruling on the summary judgment motions, the District Court denied Defendants' Rule 11 motions.  The court found "the motions meritless," noting that these Rule 11 motions tax judicial resources and emphasizing that the truth of the allegations in a case of this sort is revealed through discovery and addressed at summary judgment or trial, not via motions for sanctions.  App. 3.  The School District appeals.[2]

## II[3]

We review a district court's order on a Rule 11 motion for abuse of discretion.  Simmerman v. Corino, 27 F.3d 58,

---

[1] Defendants also asserted Plaintiffs' counsel falsified a document by changing the format of an e-mail from a parent of a former member of the wrestling team into a document that looked like a letter, and then sent it along with a cover letter to its author, soliciting information about Getz and misconduct at the School District.  The record does not show that Plaintiffs submitted the letter or e-mail to the District Court.

[2] Plaintiffs do not appeal the orders granting Defendants' motions for summary judgment and declining to exercise supplemental jurisdiction over the state law assault and battery claim.

[3] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

61 (3d Cir. 1994). Thus, "'we evaluate the court's factual determinations, legal conclusions, and choice of an 'appropriate sanction' with substantial deference, considering not whether we would make the same precise determinations, but only whether those determinations are contrary to reason or without a reasonable basis in law and fact.'" Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account, 618 F.3d 277, 287 (3d Cir. 2010) (quoting Simmerman, 27 F.3d at 62).

A

We first review the School District's assertion that Plaintiffs failed to oppose the first motion for sanctions and that the District Court erred in declining to grant the supposedly unopposed motion. The School District contends that, pursuant to Middle District Local Rule 7.6, the District Court should have treated the School Defendants' first Rule 11 motion as unopposed and thus granted the Rule 11 motion. Local Rule 7.6 provides that any party opposing any motion other than a motion for summary judgment shall file a response within 14 days of service of the movant's brief and "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion." M.D. Pa. Local R. 7.6. Our Court has noted that "[t]here may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the [local] rule may be appropriately invoked." Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1992); see also DiPaolo v. Moran, 407 F.3d 140, 144-45 (3d Cir. 2005) (affirming grant of unopposed Rule 11 motion where no

6

responsive pleading was filed and "the sanctions motion here did not involve obvious facial deficiencies").[4]

Here, the District Court correctly treated the School Defendants' motion as opposed. Although Plaintiffs did not specifically file a brief in opposition to that Rule 11 motion, Plaintiffs did respond by filing a motion to stay. In that motion, Plaintiffs argued that "[b]ecause much of the issues raised in . . . Defendants [sic] Rule 11 motions go to the evidence ultimately before this Court, Plaintiff [sic] is seeking to place the Rule 11 motion and any proposed filing of a Rule 11 motion in suspense until after the summary judgment motions are decided." App. 662.[5] Plaintiffs in essence asserted that the fact-sensitive issues raised in the School Defendants' sanctions motion would best be evaluated at the summary judgment stage and accordingly opposed consideration of the Rule 11 motion on that basis. Cf. Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 174 (3d Cir. 1990) (explaining that the local rule at issue "authorizes the court to grant applications solely on the basis of the information that the moving party puts before the court unless there is some response indicating that a genuine

---

[4] The rule may also be invoked "if a party fails to comply with the rule after a specific direction to comply from the court." Stackhouse, 951 F.2d at 30. The record does not indicate that the District Court instructed Plaintiffs to file a response to the School Defendants' motion.

[5] A district court has the authority to "defer its ruling" on a Rule 11 motion until "final resolution of the case." Fed. R. Civ. P. 11, Advisory Committee's Note to 1993 Amendment. Thus, it is hard to say a party asking a court to defer such a ruling is not responding to the sanctions motion.

controversy exists concerning the right to the relief sought"). Therefore, the District Court did not abuse its discretion in declining to treat the motion as unopposed.

B

The District Court also did not abuse its discretion in denying both Rule 11 motions.[6]  Despite the School District's

---

[6] Fed. R. Civ. P. 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> . . .
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(2)-(3).  If a court determines that Rule 11(b) has been violated after notice and an opportunity to respond, it "may impose an appropriate sanction on any

8

argument that the District Court abused its discretion by denying the Rule 11 motions without analyzing their merits, the District Court specifically stated that it found "the motions meritless." App. 3. The District Court, having the benefit of fully briefed summary judgment motions and a voluminous record, further explained that the factual issues identified in Defendants' sanctions motions would be best resolved at summary judgment or trial.

In doing so, the District Court did more than what Rule 11 requires. Rule 11(c)(6) requires only that a district court explain the basis of its order when the court imposes a sanction, not when it denies sanctions. Fed. R. Civ. P. 11(c)(6) ("An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction."). While we welcome explanations for all rulings, the District Court did more than it needed to do when concluding that Defendants' motions were "meritless."

Our review of the record leads us to the same conclusion. Some discrepancies exist between the complaints and Plaintiffs' submissions in opposition to Getz's summary judgment motion, on the one hand, and facts elicited through discovery, on the other, but Plaintiffs' pleadings have a factual basis and are not "patently unmeritorious or frivolous." See Ario, 618 F.3d at 297 (citation omitted).[7]

_____

attorney, law firm, or party that violated the rule or is responsible for the violation." Id. 11(c)(1).

[7] We have explained that the standard under Rule 11 is "stringent" because sanctions "1) are in derogation of the general American policy of encouraging resort to the courts for peaceful resolution of disputes, 2) tend to spawn satellite

9

Although some of the factual allegations may have been exaggerated, the record includes evidence that provided a reasonable basis for the representations in the complaints and summary judgment submissions concerning Getz's allegedly aggressive and discriminatory behavior. <u>See, e.g.</u>, App. 1027-35.[8]  The District Court's conclusion that Defendants'

litigation counter-productive to efficient disposition of cases, and 3) increase tensions among the litigating bar and between [the] bench and [the] bar." <u>Doering v. Union Cty. Bd. of Chosen Freeholders</u>, 857 F.2d 191, 194 (3d Cir. 1988) (alterations in original) (citations and internal quotation marks omitted).

[8]  In addition, many of the alleged falsehoods Defendants rely upon are immaterial.  For example, whether C.M.'s toes were touching the ground or not, there was evidence to support the allegation that C.M. was lifted up. <u>See</u> Fed. R. Civ. P. 11, Advisory Committee's Note to 1993 Amendment (stating that "Rule 11 motions should not be made or threatened for minor, inconsequential violations of the standards prescribed by subdivision (b)").

Other alleged misrepresentations occurred during depositions, in response to interrogatories, and to and about health care providers, or involved counsel's act of changing the e-mail into a document that resembles a letter.  These incidents are not sanctionable under Rule 11 because they arose in the context of discovery and thus are not within the scope of Rule 11.  Fed. R. Civ. P. 11(d) (stating that Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37"); <u>see also</u> <u>Landon v. Hunt</u>, 938 F.2d 450, 453 (3d Cir. 1991) ("We have consistently held that Rule 11 sanctions are

accusations were meritless was therefore not "contrary to reason or without a reasonable basis in law and fact." See Ario, 618 F.3d at 287 (citation omitted).[9] Thus, the District Court did not abuse its discretion by denying Defendants' Rule 11 motions.

## III

For the foregoing reasons, we will affirm.

---

proper only in situations involving a signed pleading." (citation and emphasis omitted)).

[9] The District Court also did not err in noting that Defendants' Rule 11 motions were, essentially, a waste of judicial resources, and that counsel in this case "ha[d] clogged the docket with numerous motions for sanctions, motions for discovery and even a motion to disqualify counsel." App. 4. While the focus of Rule 11 is on whether a claim is wholly without merit, and is not dictated by whether resources will be expended in deciding the motion, Rule 11 motions should conserve rather than misuse judicial resources. See Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 99 (3d Cir. 1988) ("Rather than misusing scarce resources, [the] timely filing and disposition of Rule 11 motions should conserve judicial energies."). Thus, the District Court appropriately noted the history of counsels' conduct in this case and the importance of deciding the merits of the dispute, rather than ancillary issues.

11