**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3232
_____

GERALD I. SMITH, JR.,

                                Appellant

v.

SEAN M. LYNN; LAW OFFICES OF SEAN M LYNN
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 18-cv-01415)
District Judge:  Honorable Colm F. Connolly
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2020

Before: KRAUSE, MATEY and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 14, 2020)
_____

OPINION[*]
_____

PER CURIAM

       Gerald Smith appeals the District Court's order granting Appellees' motion to

dismiss his complaint.  For the reasons below, we will affirm the District Court's order.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

The procedural history of this case and the details of Smith's claims are well known to the parties, set forth in the Magistrate Judge's Report and Recommendation, and need not be discussed at length. Sounding largely in diversity jurisdiction, the claims in Smith's complaint against Appellees arose from Appellee Lynn's representation of Smith's ex-wife in family court proceedings, during which Lynn, inter alia, sought a protection-from-abuse order on behalf of the ex-wife. Appellees filed a motion to dismiss. A Magistrate Judge recommended that the motion to dismiss be granted. The District Court dismissed the complaint for lack of standing and for failure to state a claim, and Smith filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise de novo review over the District Court's legal conclusions. See Kamal v. J. Crew Group, Inc., 918 F.3d 102, 109 (3d Cir. 2019) (dismissal for lack of standing); Estate of Roman v. City of Newark, 914 F.3d 789, 795 (3d Cir. 2019) (dismissal for failure to state a claim).

In his brief, Smith challenges the District Court's conclusion that he lacked standing to bring claims based on federal criminal statutes.[1] However, we agree with the District Court. See Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute").

---

[1] While Appellee Lynn was a Delaware state legislator at the time of the events in the complaint, Smith does not suggest that any of his actions were taken in his capacity as a legislator. See Mark v. Borough of Hatboro, 51 F.3d 1137, 1150 (3d Cir. 1995) ("[A]n otherwise private tort is not committed under color of law simply because the tortfeasor is an employee of the state.").

While he asserts that the District Court failed to analyze factors relevant to the determination as to whether a private remedy is provided for by a statute, the case he cites to, Cannon v. University of Chicago, 441 U.S. 677 (1979), did not involve a criminal statute. Moreover, Smith does not explain in his brief before us how the factors are satisfied with respect to any individual criminal statute he cited in his complaint. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145-46 (3d Cir. 2017) ("[W]e have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing.").[2]

Next, Smith contends that the Magistrate Judge was biased because she referred to extrajudicial sources, i.e. decisions by the state courts during Smith's divorce proceedings. However, in deciding a motion to dismiss, a district court is permitted to review matters of public record and take judicial notice of a prior judicial opinion. See McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009). In any event, Smith has not pointed to anything to suggest any bias whatsoever on the part of the Magistrate Judge.

---

[2] In his objections to the Report and Recommendation, Smith claimed that Appellee Lynn violated 18 U.S.C. § 1513(e), which prohibits actions that harm those who have provided a law enforcement officer with truthful information about the commission of a federal offense. He asserts that he is a federal government whistleblower, and that Appellees acted in retaliation because of his complaints. However, Appellees were not the target of, or in any way involved in, Smith's purported whistle-blowing complaints, and he has not alleged any plausible facts supporting his conclusory assertion that Appellees intentionally retaliated against him for that complaint. Thus, even if he could bring a private cause of action, Smith has not stated a claim of criminal retaliation against an informant.

Smith states that the District Court hid the fact that sanctions were imposed on Appellees' counsel. He appears to be referring to the District Court order that granted his motion for sanctions in part and struck an affidavit from the record because the Appellees did not properly serve the affidavit on Smith. Smith does not explain how he was prejudiced by this order. Moreover, as the order is publicly available on the electronic docket, it is evident that the District Court did not hide its order.

Smith also argues that the District Court erred in denying his November 8, 2018 motion for sanctions without requesting a response from Appellees. He appears to contend that the District Court could not have fairly considered the motion without a response. However, given that it was Smith's burden to support his motion, the District Court did not err by resolving the motion without a formal response.[3] Smith also asserts without explanation or description that he clearly proved that several false statements were made by Appellees in their filings. However, that the Appellees did not describe the facts of the case with the precision and detail that Smith desired did not support the imposition of sanctions. The District Court did not abuse its discretion in denying the motion for sanctions. See Moeck v. Pleasant Valley Sch. Dist., 844 F.3d 387, 389-390 (3d Cir. 2016) (standard of review).

Smith suggests that the District Court erred in dismissing his claim for intentional infliction of emotional distress because he suffered distress. However, under Delaware

---

[3] Appellees' counsel did file a letter response to the motion for sanctions, denying the allegations against him and asking whether a formal response was needed.

law, such a claim requires not only that Smith experienced emotional distress but also that the Appellees caused it by engaging in extreme and outrageous conduct. See Hunt ex. rel. DeSombre v. State, 69 A.3d 360, 367 (Del. 2013). Before sending the matter to a jury, the court determines first whether the alleged conduct can reasonably be considered extreme or outrageous. Id. Smith argued in his Objections that Appellee Lynn caused emotional distress by filing the emergency petition for protection from abuse. However, filing such a petition on behalf his client could not reasonably be considered extreme and outrageous.[4] Smith has failed to state a claim under Delaware law for intentional infliction of emotional distress, and the District Court did not err in dismissing this claim.

Smith asserts that the District Court failed to address the wanton and willful misconduct described in his complaint. However, the Magistrate Judge, in her Report and Recommendation adopted by the District Court, thoroughly summarized and analyzed the acts of the Appellees that Smith was challenging as well as the injuries he claimed to have suffered. Moreover, Smith has not alleged any facts in his complaint that would support a determination that Appellees acted wantonly and willfully or recklessly.[5]

---

[4] We note that Smith was represented by counsel and the family court commissioner's order granting the petition was affirmed on appeal by the Delaware Supreme Court.

[5] Appellees argue that the only relevant allegation in the complaint is that their "wanton and willful behavior intentionally interfered" with Smith's application for correction of his military records in violation of federal criminal statutes. In response, Smith argues in his reply brief that he used the equivalent word "reckless" several times in his complaint to describe Appellees' behavior.

Smith argues that his Seventh Amendment right to a jury trial was violated. However, the Seventh Amendment protects the right to a jury trial in civil cases where there are factual issues to be decided. See In re Peterson, 253 U.S. 300, 310 (1920) ("No one is entitled in a civil case to trial by jury, unless and except so far as there are issues of fact to be determined."). When a District Court concludes as a matter of law that a claim cannot succeed, that legal determination does not usurp the fact-finding province of the jury and does not violate the Seventh Amendment. See Christensen v. Ward, 916 F.2d 1462, 1466 (10th Cir. 1990) ("[The] Seventh Amendment right to a jury trial was not abridged, because . . . the complaints failed as a matter of law to present an issue for trial.").

Finally, Smith requests that, if we conclude that he has failed to state a claim, the matter be remanded to the District Court to allow him to amend his complaint. A plaintiff should generally be given leave to amend a complaint subject to dismissal for failure to state a claim unless doing so would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Smith, however, has not explained how he would amend his complaint to state a claim. Moreover, given the weaknesses of his claims described above, it would be futile to allow amendment.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment. As the appendix contains confidential mental health records, Smith's motion to seal the appendix is granted; the appendix shall be

6

sealed for fifty years. Appellees' motion to expedite and for summary action is denied as moot.