NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3767
_____

KEVIN WAUGAMAN,
                              Appellant

v.

CITY OF GREENSBURG; BOROUGH OF SOUTHWEST GREENSBURG;
BOROUGH OF SOUTH GREENSBURG; OFFICER SHAWN DENNING;
SERGEANT JASON GAIN; SERGEANT BRYAN PAINTER;
OFFICER ROBERT SHAPIRO; LIEUTENANT W. ROBERT JONES;
SERGEANT DONALD COLE; LIEUTENANT KRISTOPHER CHAPPELL;
SERGEANT HENRY FONTANA, JR.


_____

No. 19-3836
_____

KEVIN WAUGAMAN

v.

CITY OF GREENSBURG; BOROUGH OF SOUTHWEST GREENSBURG;
BOROUGH OF SOUTH GREENSBURG; OFFICER SHAWN DENNING;
SERGEANT JASON GAIN; SERGEANT BRYAN PAINTER;
OFFICER ROBERT SHAPIRO; LIEUTENANT W. ROBERT JONES;
SERGEANT DONALD COLE; LIEUTENANT KRISTOPHER CHAPPELL;
SERGEANT HENRY FONTANA, JR.

                              Bryan Painter,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-17-cv-00330)
District Judge: Honorable Lisa P. Lenihan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1
on November 13, 2020

Before: HARDIMAN, SCIRICA, and RENDELL, *Circuit Judges*

(Filed: January 29, 2021)

_____

OPINION[*]
_____

SCIRICA, <u>Circuit Judge</u>.

Kevin Waugaman accuses two of the officers at the scene of his March 2015 arrest, including Sergeant Bryan Painter, of kicking or stomping on him after he was placed in handcuffs. Painter argues that Waugaman had no tenable basis for this claim and filed a motion for sanctions under Fed. R. Civ. P. 11. For the reasons discussed below, we will affirm the District Court's order granting summary judgment with respect to Waugaman's excessive force claim against Painter and the order denying Painter's motion for sanctions.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

I

Painter was one of the responding officers when Waugaman entered a vacant residence on March 17, 2015.[1] Officer Shawn Denning handcuffed Waugaman, but once outside Waugaman ran down the street away from the officers. Denning and Painter pursued Waugaman, Denning caught Waugaman, and the two collided with a parked car—sending Waugaman's head through a window. Waugaman alleges that Denning intentionally or recklessly targeted Waugaman's head into the car window. Painter then placed his knee against Waugaman's buttocks to keep him on the ground and called for an ambulance.

During the time between hitting the car window and the arrival of paramedics, Waugaman asserts he was kicked or stomped on by one or more, but not all, of the police officers at the scene. He alleges Painter was one of the officers who assaulted him. However, no evidence in the record, including Waugaman's own deposition, identifies Painter as an officer who kicked or stomped on Waugaman. Bleeding from hitting the car window, Waugaman contends the blood in his face obscured his ability to identify the officers. Waugaman also alleges other officers observed the assault but did nothing to intervene.

Waugaman filed suit on March 14, 2017 against Officers Jason Gain, Nicholas Rullo, and Shawn Denning, fourteen John Doe officers, and the three towns that employed the various officers. In the Second Amended Complaint, Waugaman dropped

---

[1] A neighbor saw Waugaman's flashlight in the vacant house and called 911.

3

Rullo from the lawsuit and identified the John Doe officers as Painter, Kristopher Chappell, Donald Cole, Henry Fontana Jr., W. Robert Jones, and Robert Shapiro. Painter's attempt to dismiss the lawsuit based on the statute of limitations was denied and Painter did not file an answer. Waugaman eventually agreed to dismiss Chappell, Fontana, and one of the towns from the lawsuit.

Defendants filed motions for summary judgment on September 17, 2018. After Painter's city of employment, Borough of South Greensburg, was dismissed from the suit, he filed a motion for Rule 11 sanctions. In May 2019 all remaining parties consented to the Magistrate Judge's jurisdiction. The District Court granted summary judgment for all defendants except Denning on June 7, 2019. The Rule 11 motion was denied on June 18, 2019. Judgment was entered on November 18, 2019 following settlement with, and the dismissal of, defendants other than Painter in October. This appeal and cross-appeal followed.[2]

---

[2] The District Court had jurisdiction over the alleged violation of 42 U.S.C. § 1983 under 28 U.S.C. §§ 1331 and 1343(a). The District Court also had jurisdiction over state tort law claims through supplemental jurisdiction under 28 U.S.C. § 1367(a). We have appellate jurisdiction under 28 U.S.C. § 1291.

II[3]

Waugaman fails to identify evidence that would establish a genuine dispute of material fact regarding allegations that Painter kicked or stomped on Waugaman. Our precedent requires that "in the face of motion for summary judgment, a § 1983 plaintiff must produce evidence supporting each individual defendant's personal involvement in the alleged violation to bring that defendant to trial." Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 291 (3d Cir. 2018); see also Williams v. City of York, 967 F.3d 252, 261 (3d Cir. 2020) ("*Jutrowski*'s central tenet—that a defendant's § 1983 liability must be predicated on his direct and personal involvement in the alleged violation—is manifest in our excessive force jurisprudence.") (quotations omitted).

Waugaman argues the court erred by not properly crediting his claim that he was kicked and/or stomped on by some of the officers at the scene. Assuming as true for the purposes of summary judgment that some officers assaulted Waugaman, there is no evidence in the record identifying Painter as an assailant.[4] Painter denies he kicked Waugaman. No officer on the scene saw Painter kick Waugaman. No neighborhood

---

[3] We exercise plenary review over the District Court's summary judgment decision and review conclusions of law *de novo*. Sikora v. UPMC, 876 F.3d 110, 113 (3d Cir. 2017). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[4] Waugaman also objects to the District Court's rejection of his expert, who indicated the blood marks on Waugaman's clothing were consistent with being kicked. The rejection is immaterial at this stage because we assume Waugaman was in fact kicked.

5

witness saw Painter kick Waugaman. And Waugaman himself stated he could not identify any officer involved in kicking him.

Allegations in the Second Amended Complaint that Painter kicked Waugaman cannot be relied upon by Waugaman to overcome summary judgment. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001) ("The party opposing summary judgment may not rest upon the mere allegations or denials of the . . . pleading; its response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." (quotations omitted)). Because there is nothing in the record, outside of the pleadings, that shows Painter assaulted Waugaman, there is no genuine dispute of fact related to Painter's personal involvement in the assault.[5]

Given this lack of genuine dispute, Waugaman contends—for the first time in his opposition to the motion for summary judgment—Painter should instead be held responsible for a failure to intervene. Waugaman asserts it does not matter whether Painter actually kicked Waugaman. Instead, Waugaman urges that Painter is liable because even if he did not assault Waugaman himself, Painter failed to intervene and stop the assault.

The court rejected this argument because the Second Amended Complaint alleged only that Painter kicked Waugaman, not that Painter failed to intervene. The Second Amended Complaint instead identified five separate officers who failed to intervene.[6] It is

---

[5]  The inability to identify any evidence showing Painter was an assailant also fails to establish a genuine dispute of material fact for Waugaman's state law tort claims.

[6]  All five of these identified officers that allegedly failed to intervene were eventually dismissed from the case. The City of Greensburg and Officers Shawn Denning and Jason Gain were also part of this dismissal.

6

commonly accepted that a "plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996). Waugaman did not file a motion for leave to amend his complaint, and the court's rejection of the *de facto* attempt to do so in the summary judgment briefings was not an abuse of discretion because it was in line with the general rule barring this type of amendment. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004) ("We review a district court's denial of leave to amend for abuse of discretion.").

To the extent Waugaman relies on the Sixth Circuit's decision in Fazica v. Jordan, 926 F.3d 283 (6th Cir. 2019) to support his failure to intervene claim—despite the failure to plead it—that case is not inconsistent with the District Court's ruling. In Fazica, the Sixth Circuit allowed a case to move forward with failure to intervene claims even though the plaintiff could not attribute particular actions to individual officers and did not specifically allege failure to intervene. 926 F.3d at 288–90; see generally Amended Compl., Fazica v. Jordan, 2018 WL 1410807 (E.D. Mich. Mar. 21, 2018) (No. 16-cv-13563), ECF No. 7. In contrast to Waugaman's allegations, the Fazica plaintiff alleged that all defendant officers engaged in "acts or omissions" that violated plaintiff's constitutional rights. Amended Compl. ¶¶ 14–15, Fazica v. Jordan, 926 F.3d 283 (6th Cir. 2019) (No. 16-cv-13563), ECF No. 7. She also alleged that each individual officer assaulted her and acted in concert with each other. Id. ¶¶ 21, 30.

Accordingly, in situations where a plaintiff cannot allocate responsibility for individual actions among specifically identified defendants, the Sixth Circuit considers whether the constitutional rights were violated "either by directly using excessive force

7

against [plaintiff] or by observing others doing so and failing to act." Fazica, 926 F.3d at 290; accord El v. City of Pittsburgh, 975 F.3d 327, 335 (3d Cir. 2020) (construing an excessive force claim against three officers as a failure to intervene claim against the officer that did not use force). But Waugaman did allocate responsibility among the defendants in his Second Amended Complaint. He specifically alleged failure to intervene against five officers other than Painter[7] and separately alleged specific actions of excessive force against Painter. He cannot change his complaint now.

Finally, Waugaman's arguments regarding joint and severable liability are unavailing. For joint and several liability to apply, three requirements must be met: "1) all defendants must have acted tortiously; 2) the plaintiff must have been harmed by the conduct of at least one of the defendants, and therefore plaintiff must bring all possible defendants before the court; and 3) the plaintiff must be unable to identify which defendant caused the injury." New Jersey Tpk. Auth. v. PPG Indus., Inc., 197 F.3d 96, 107 (3d Cir. 1999). Because Waugaman has failed to adduce evidence that Painter's conduct was tortious or unconstitutional in the first place, joint and several liability is inapplicable.

---

[7] As noted *supra* note 6, Waugaman voluntarily agreed to dismiss or settle with the five officers he alleged failed to intervene.

8

III[8]

The District Court did not abuse its discretion in rejecting Painter's motion for sanctions under Fed. R. Civ. P. 11. Rule 11 requires a party presenting a pleading before the court by "submitting, or later advocating it" to certify after a reasonable inquiry that "it is not being presented for any improper purpose[;]" the claims and legal contentions "are warranted by existing law or by a nonfrivolous argument[;]" "the factual contentions have evidentiary support" or "will likely have evidentiary support after" discovery; and "denials of factual contentions are warranted on the evidence or . . . are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b). Courts apply "an objective standard of reasonableness under the circumstances" to Rule 11's requirements. Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 94 (3d Cir. 1988). But the "wisdom of hindsight should be avoided," id., and "the Rule must not be used as an automatic penalty against an attorney . . . advocating the losing side of a dispute" nor used "as a general fee shifting device." Gaiardo v. Ethyl Corp., 835 F.2d 479, 482–83 (3d Cir. 1987).

---

[8] We review the District Court's Rule 11(c) decision for abuse of discretion. Moeck v. Pleasant Valley Sch. Dist., 844 F.3d 387, 389–90 (3d Cir. 2016). Therefore, "we evaluate the court's factual determinations, legal conclusions, and choice of an appropriate sanction with substantial deference, considering not whether we would make the same precise determinations, but only whether those determinations are contrary to reason or without a reasonable basis in law and fact." Id. (quotations omitted). "An example of abuse of discretion occurs when a district court base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account, 618 F.3d 277, 287 (3d Cir. 2010) (alteration in original) (quotations omitted).

The court concluded sanctions were not warranted because Waugaman recalled being kicked by two men and learned before filing the Second Amended Complaint that Painter had physical contact with him when Painter placed his knee on Waugaman's buttocks. Accordingly, Waugaman "could reasonably believe that Officer Painter could be one of the kickers because not many officers had physical contact with him." We find no error or abuse of discretion in the court's conclusion that this was a reasonable determination for Waugaman and his attorneys to make.

Painter objects because the court focused its analysis on what was known at the time of the filing of the complaint and did not credit his argument that Waugaman's position later became untenable. While it is true that after a complaint is filed you can subject yourself to sanctions if you persist in advocating a legally untenable position, Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment; Turner v. Sungard Bus. Sys., Inc., 91 F.3d 1418, 1422 (11th Cir. 1996), we must give "substantial deference" to the trial court in these matters, Moeck, 844 F.3d at 390. The court's conclusion that sanctions were not warranted is not "contrary to reason or without a reasonable basis in law and fact." Moeck, 844 F.3d at 390.

Even though it became clear after discovery that no one could personally identify Painter as having kicked or stomped on Waugaman, the opposition to summary judgment and briefing on appeal make it clear Waugaman believed his claims against Painter could be construed in the alternative as a failure to intervene claim. While Waugaman was not successful in his arguments, those arguments were not patently unmeritorious or frivolous. See Ario, 618 F.3d at 297 ("Sanctions are to be applied only in the exceptional

10

circumstance where a claim or motion is patently unmeritorious or frivolous." (quotations omitted)). Therefore, we hold that it was not erroneous to find sanctions unwarranted.

IV

For the foregoing reasons, we will affirm the District Court's orders granting summary judgment on the excessive force claim and dismissing the motion for Rule 11 sanctions.