**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1620
_____

JAMES L. GLOVER,
Appellant

v.

LT. BARRY JACOBS, #97 Philadelphia Police Officer; DOUGLAS K. MORRISON, JR., #7099; RUSSELL CROTTS; SHEA SKINNER; FEIGE M. GRUNDMAN; UNKNOWN CITY EMPLOYEES OR PPD OFFICERS INVOLVED, 400 N. Broad Street, Philadelphia, PA 19130, FL 4th and 1515 Arch Street, Philadelphia, PA 19102; POLICE DEPARTMENT OPEN RECORDS DEPARTMENT & PHILADELPHIA CITY ATTORNEYS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:23-cv-03686)
Senior District Judge: Honorable Timothy J. Savage

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 23, 2026
Before: BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed March 24, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

James L. Glover appeals pro se the District Court's orders denying his motions to strike improper evidence and for sanctions, granting Defendants' motion to set aside default judgment, and granting Defendants' motion for summary judgment. We will affirm.

The procedural history of the District Court proceedings, as well as Glover's allegations, are well-known to the parties and need not be discussed at length. Briefly, Glover, a community activist, would frequently seek public records from the Philadelphia Police Department ("PPD") under Pennsylvania's Right to Know Law ("RTKL"), request audio and video body camera footage of police interactions pursuant to Act 22, see Pa. Cons. Stat. § 67A01 et seq., and upload his findings to his YouTube channel as "independent press." In 2021, the PPD informed Glover that he could no longer submit his information requests in person at 400 North Broad Street in Philadelphia, and Glover's photograph was placed at the front security desk of that building to alert staff that he was not permitted on the premises. On December 26, 2021, a security guard said that Glover, whom she recognized from the photograph, tapped the security window with a long rifle and pointed it at her before walking away. Two days later, the PPD arrested Glover, charging him with aggravated assault, terroristic threats, and simple assault. Glover spent 36 days in jail. The charges were nolle prossed two years later, and Glover's record expunged. During this two-year period, Glover did not file any requests for information or post any videos to his YouTube channel.

In 2023, Glover filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania against two officers

responsible for responding to RTKL and Act 22 requests, three attorneys who advise the PPD on these requests, "unknown city employees or PPD officers involved," and the PPD's Open Records Department. In his complaint, Glover alleged that Defendants placed his photo at 400 North Broad Street, resulting in "wrongful identification" by the security guard, his arrest, and subsequent incarceration. He also claimed the PPD unlawfully delayed responding to his requests to "obstruct release of public information[.]" Glover raised claims under the First, Fifth, and Fourteenth Amendments, and Pennsylvania's RTK and Act 22 laws.[1] After the served Defendants failed to timely respond to his complaint, Glover moved for default judgment, and the District Court entered default against Defendants. Defendants then moved to set aside the default judgment. After the District Court denied Glover's third request for an extension of time to respond to Defendants' motion, it set aside the judgment. Defendants moved for summary judgment and filed an accompanying statement of undisputed material facts. Glover requested an extension of time to respond to Defendants' motion, which the District Court granted, giving him until December 3, 2024, to file his response in opposition. Rather than file his response by this date, Glover moved to delay summary judgment "pending discovery pursuant to Rule 5(d)," which the District Court denied. Glover then filed motions to strike improper evidence and for sanctions, which the District Court denied. The District Court subsequently granted Defendants' motion for summary judgment, deeming all material facts as admitted due to Glover's failure to

---

[1] The District Court dismissed the PPD from Glover's complaint, as well as his Fifth Amendment and state law claims.

oppose the motion. Glover timely appealed.[2] Glover has also filed a motion to supplement the record or to "take judicial notice of video evidence" and an emergency motion to stay the appeal pending Appellees' compliance with Glover's request for video evidence.

On appeal, Glover first argues that the District Court erroneously granted Defendants' motion for summary judgment and improperly resolved contested facts without a hearing. We disagree. The District Court granted Glover an extension of time to respond to Defendants' summary judgment motion, but he failed to do so by the provided deadline. Thus, the District Court determined that all undisputed facts were deemed admitted. *See* Fed. R. Civ. P. 56(e)(2) ("If a party fails to . . . properly address another party's assertion of fact" the district court may consider the facts to be undisputed by the nonmovant). As the District Court explained, the undisputed facts established that Defendants did not violate Glover's First Amendment rights, nor did they have any personal involvement in Glover's arrest. Thus, the record did not support Glover's claims and the District Court properly granted summary judgment in Defendants' favor.

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's summary judgment decision. *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). We review the District Court's orders denying interlocutory motions and setting aside the default judgment for abuse of discretion. *See Moeck v. Pleasant Valley Sch. Dist.*, 844 F.3d 387, 389-90 (3d Cir. 2016) (denying a motion for sanctions); *In re Fine Paper Antitrust Litig.*, 751 F.2d 603, 604 (3d Cir. 1984) (denying a motion to strike); *Jorden v. Nat'l Guard Bureau*, 877 F.2d 245, 250-51 (3d Cir. 1989) (setting aside default judgment).

Glover next argues that the District Court dismissed his First Amendment retaliation and prior restraint claims without applying proper precedent.[3]  Again, we disagree.  Based on the undisputed facts, Defendants had no personal involvement in the conduct that allegedly "chilled" Glover's submission of RTKL and Act 22 requests.  Thus, there was no basis for Defendants' liability.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (explaining that liability in a § 1983 action requires personal involvement).  As for Glover's claim under the prior restraint doctrine, we agree with the District Court's determination that such claims pertain to "administrative and judicial orders forbidding certain communications" before they occur, *Alexander v. United States*, 509 U.S. 544, 550 (1993), and there was no such order here.

We also reject Glover's argument that the District Court failed to properly consider Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 in denying his motions to strike improper evidence and for sanctions against Defendants.  Rule 11 "is intended to discourage pleadings that are frivolous, legally unreasonable, or without factual foundation[.]" *Lieb v. Topstone Indus. Inc.*, 788 F.2d 151, 157 (3d Cir. 1986) (cleaned up).  Sanctions under Rule 11 are limited to exceptional cases, *see Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988), and Glover failed to meet this high bar.  He claimed that Defendants' sworn affidavits contained knowingly false statements, but he did not show how these alleged falsehoods lacked "factual foundation."  Moreover, Glover failed to identify any statements constituting "redundant,

---

[3] We will not address Glover's retaliation claim because he did not raise it in the District Court.  *See Webb v. City of Phila.*, 562 F.3d 256, 263 (3d Cir. 2009).

immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also C.S. v. McCrumb*, 135 F.4th 1056, 1068 n. 10 (6th Cir. 2025) (discussing the standard for granting a motion to strike).  Thus, the District Court did not abuse its discretion in denying Glover's motions to strike and for sanctions.

As for Glover's claim that the District Court improperly refused to grant his motions for extension of time, we conclude that this assertion is unsupported by the record.  The District Court granted Glover extensions of time to respond to Defendants' motions on four separate occasions and was within its discretion to deny his fifth request.

We also reject Glover's challenge of the District Court's order setting aside default judgment.  Default judgments are disfavored—we prefer "that cases be disposed of on the merits whenever practicable."  *Hritz v. Woma*, 732 F.2d 1178, 1180-81 (3d Cir. 1984).  And we see no error in the District Court's ruling.  Glover was not prejudiced by Defendants' delay in responding to his complaint, Defendants had viable defenses to the complaint, and culpable conduct did not lead to Defendants' default, as the delay was caused by their attorney's negligence.  *See Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (discussing the three factors for consideration of a motion to set aside default judgment).

Accordingly, we will affirm the District Court's judgment.  Glover's motion to supplement the record or to take judicial notice of video evidence is denied, as is his emergency motion to stay our decision.

6